UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

Case No. 14-20175

Honorable John Corbett O'Meara

v.

KEVELIN NOEL,

       Defendant.

_____/

## ORDER DENYING
## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

This matter came before the court on defendant Kevelin Noel's June 24, 2014 Motion to Suppress Evidence and Statements. The government filed a response July 21, 2014; and Defendant filed a reply brief August 4, 2014. The court held an evidentiary hearing September 25, 2014. At the close of the hearing, the court granted Defendant leave to file a supplemental brief, which he filed October 14, 2014. The government filed a response November 4, 2014.

### BACKGROUND FACTS

Defendant Kevelin Noel was convicted of third degree criminal sexual conduct in June 2000. He was placed on parole with the Michigan Department of Corrections ("MDOC") September 20, 2012. During the course of his parole, Noel caused GPS violation alerts and four times tested positive for marijuana use, the last of which occurred November 6, 2013. Less than a week later, MDOC Agent Minnie Mitchell received an anonymous telephone call stating that Noel had a gun in his home. The following day, two Detroit police officers who are part of the Federal Project Safe Neighborhood Task Force and one agent from the MDOC were sent to Defendant's residence to conduct an "authorized compliance control check of parolees." Def's. br. at 5.

"Agent Rummel knocked on the front door and Defendant answered. Defendant allowed the officers and agent to enter and gave Rummel consent to search the residence." Gov't. br. at 5. Michigan Department of Corrections ("MDOC") Agent Matthew Rummel testified at the evidentiary hearing that Defendant allowed the agents to enter the residence, further testifying that Defendant told him there was nothing there that would violate his parole.

During the search, Agent Rummel found a Ruger .22 caliber, semi-automatic pistol with an obliterated serial number, loaded with one round in the chamber and a magazine containing ten live rounds, hidden above a ceiling tile in the basement. The agent also recovered a silver, digital scale in the same location.

Defendant Noel was arrested and transported to a MDOC office in Detroit, where he signed a copy of the Parole Violation Charges Form (CFJ-168) and a completed Residential Reentry Program Eligibility Screening Form (CFJ 498). During his interview, Defendant confessed to possessing the gun and indicated he had possessed it for three months. He further admitted to keeping the gun loaded and ready to use.

Defendant Noel is charged in a two-count indictment of being a felon in possession of a firearm and possessing a firearm with an obliterated serial number. 18 U.S.C. §§ 922(g)(1) and (k). In this motion he seeks to suppress the firearm and his interview statements. The government contends that the search was proper as a compliance check and also that Defendant consented to the search of the premises.

**LAW AND ANALYSIS**

"The Fourth Amendment permits a search without a warrant if valid consent to search is given." United States v. Lucas, 640 F.3d 168, 174 (6th Cir. 2011). "The government has the burden of demonstrating that consent was freely and voluntarily given, and was not the result of coercion, duress, or submission to claim of authority." United States v. Van Shutters, 163 F.3d 331, 335 (6th Cir. 1998). "Generally, whether consent to search was voluntarily given is a question of fact." United States v. Hinojosa, 606 F.3d 875, 881 (6th Cir. 2010).

When an individual is on parole, the United States Supreme Court has recognized an exception to the general warrant requirement. "[T]he warrant and probable cause requirements generally do not apply to searches of parolees, probationers, or their residences." Samson v. California, 547 U.S. 843, 857 (2006). When evaluating a warrantless search of a parolee's residence, courts consider "the degree to which the search intrudes upon an individual's privacy, as well as the degree to which it is needed for the promotion of legitimate government interests." United States v. Smith, 526, F.3d 306, 308 (6th Cir. 2008). In Samson, the Court recognized that a state has a significant interest in supervising parolees because they are more likely to commit future criminal offenses. Samson, 547 U.S. at 853.

In Michigan, searches of parolees are governed by Michigan Administrative Code § R 791.7735. Subsection (1)(d) allows a parole agent to conduct a warrantless search of a parole's property with the consent of the parolee. Id. The Code further allows agents to conduct warrantless searches when there is reasonable cause to believe a "violation of parole exists." § R 791.7735(2).

Reasonable cause has been determined to be satisfied by the reasonable suspicion standard. The United States Court of Appeals for the Sixth Circuit has opined that "[r]arely can an anonymous

tip by itself constitute a basis for reasonable suspicion because 'an anonymous tip alone seldom demonstrates the informant's basis of knowledge and veracity . . . .'" United States v. Hudson, 405 F.3d 425, 432 (6th Cir. 2005) (citing Alabama v. White, 496 U.S. 325, 329 (1990)). An anonymous tip must contain "independently verifiable details showing knowledge" to constitute reasonable suspicion. Id. Furthermore, a tip generally needs to be corroborated by police prior to seizing the suspect in order for the combination of the tip and the investigation to satisfy the reasonable suspicion standard. Id.

This court has previously found that two anonymous voice mails, likely left by the same caller, without independently verifiable details or corroboration by police or parole officials, did not constitute reasonable cause. United States v. O'Connor, 2007 WL 4126357 (E.D. Mich. Nov. 20, 2007). The court noted, though, the importance of the fact that the anonymous tips were "entirely inconsistent with [the parole officer's] supervisory history with Defendant." Id.

In this case the search of defendant Noel's residence was based on one anonymous telephone call to his parole officer. Ms. Mitchell indicated that Noel had always reported to her, had completed required treatment programs and had remained employed at the same workplace. However, Noel had also violated his conditions of parole four times for marijuana use. Therefore, unlike the parolee in O'Connor, the anonymous tip in this case was not entirely inconsistent with Mitchell's supervisory history with Noel. Accordingly, the court finds that the MDOC agents had reasonable cause that a violation of parole existed and were allowed to search parolee Noel's residence without a warrant.

Furthermore, even without reasonable cause, the search at issue here is proper, as defendant Noel gave his consent to the search. MDOC Agent Rummel testified at the evidentiary hearing that

Noel permitted agents to enter his residence and further testified that Noel told him he had nothing to hide. There was no evidence to the contrary.

Defendant Noel also seeks suppression of the statements he made following his arrest. To determine whether a statement is made voluntarily, the court must examine the state of mind of the accused at the time the statement was made. United States v. Brown, 557 F.2d 541, 546 (6th Cir. 1977). "The central inquiry of a court considering the voluntariness of a statement is whether the confession was the product of free and rational choice." Id.

In Brown the appellate court set forth a three-prong analysis to determine whether a statement was made involuntarily. First, the court must examine the facts surrounding the statement, including the external occurrences and events surrounding the confession. Second, the court must consider the mental state of the defendant. Third, the court must determine that coercive police activity induced the defendant to make a statement. Id. at 547. To determine the third prong, the court in United States v. Mahan, 190 F.3d 416, 422 (6th Cir. 1999), introduced a secondary three-step inquiry to determine whether police coercion occurred: "(1) the police activity was objectively coercive; (2) the coercion in question was sufficient to overbear the defendant's will; and (3) the alleged police misconduct was the crucial, motivating factor in the defendant's decision to offer the statement."

Defendant Noel argues that the police and agent threatened him with federal charges and promised him only a state parole violation charge that would have resulted in lesser punishment if he confessed to possession of the gun. Defendant claims that he was driven by those coercive actions and promises to confessing that he possessed the gun in question.

The court finds that the police officer and agent's activity was not objectively coercive. In fact, they are not able to enforce promises of lighter sentences. There is no evidence that their offer

5

of a possible lighter sentence was sufficient to overbear Noel's will not to admit to possession of the gun.  Finally, there is no evidence that the possibility of a lighter sentence was the "crucial, motivating factor" in his decision to make a statement.  Accordingly, there was no coercive police activity that induced defendant Noel to make his statements; and the court finds Defendant made them voluntarily.

## ORDER

For the reasons set forth above, it is hereby **ORDERED** that defendant Kevelin Noel's June 24, 2014 Motion to Suppress Evidence and Statements is **DENIED.**

                                  s/John Corbett O'Meara
                                  United States District Judge

Date:  March 9, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 9, 2015, using the ECF system.

                                  s/William Barkholz
                                  Case Manager